UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

THURLYNE LAMAR SMITH,

          Petitioner,

v.                                         Case No. 3:18-cv-441-34MCR

M. OCASIO, WARDEN, BUREAU OF
PRISONS, UNITED STATES OF
AMERICA,

          Respondents.
_____

## ORDER

Petitioner, Thurlyne Lamar Smith, a federal inmate confined at Coleman Federal Correctional Institution, initiated this action on April 2, 2018, by filing a pro se Petition for Writ of Habeas Corpus (Petition) (Civ. Doc. 1) pursuant to 28 U.S.C. § 2241. In this Petition, Smith requests credit for jail time that he earned between April 14, 2014, and August 21, 2014. Civ. Doc. 1 at 8.[1]

On June 28, 2001, following a plea of guilty to conspiracy to distribute cocaine base more than fifty grams, the Honorable Virginia M. Hernandez Covington sentenced Smith to incarceration for a term of 168 months, followed by a five-year term of supervised release. See Crim. Doc. 38. On March 27, 2008, Judge Covington reduced Smith's term

---

[1] Citations to this civil § 2241 case file, No. 3:18-cv-441-J-34MCR, will be denoted as "Civ. Doc." Citations to Smith's federal criminal case file, United States v. Thurlyne Lamar Smith, No. 3:00-cr-442-J-33-PDB, will be denoted as "Crim. Doc."

of incarceration to a term of 140 months.[2]  See Crim. Doc. 49.  Smith completed his term of incarceration and commenced his term of supervised release on April 16, 2010.  See Crim. Doc. 67.  On May 24, 2011, the Court reduced the term of supervised release by a period of one year, after Smith successfully completed the Court's reentry program.  See id.  Thereafter, on September 20, 2011, the Court extended the term of Smith's supervised release by four months.  See Crim. Doc. 68.  Smith's supervised release was set to terminate on August 15, 2014.  Id.

On February 26, 2013, the probation officer filed a petition alleging that Smith violated the conditions of his supervised release.  See Crim. Doc. 69.  Then on March 5, 2013, the Jacksonville Sheriff's Office arrested Smith, resulting in the State of Florida charging Smith, by information, with the following offenses: sale of cocaine within a 1000 feet of a church; possession of cocaine; and possession of less than twenty grams of cannabis.  See State v. Smith, 16-2013-CF-2291 (Fla. 4th Cir. Ct.); State v. Smith, 16-2013-CF-2292 (Fla. 4th Cir. Ct.).  The probation officer filed a superseding petition on March 20, 2013, in which he alleged additional violations of Smith's supervised-release conditions.  See Crim. Doc. 71.  With the benefit of counsel, on December 23, 2013, Smith entered a negotiated plea of guilty to his state charges and the state court sentenced him to a term of incarceration of one year for the possession of less than twenty grams of cannabis offense and a term of five years as to each of the remaining offenses, with each such term to run concurrently with the others.  See Smith, 16-2013-CF-2291; 16-2013-CF-2292.

---

[2]Smith's sentence reduction was the result of a joint stipulation regarding retroactive application of revised cocaine base sentencing guidelines.  See Crim. Doc. 49.

2

On April 3, 2014, while Smith was in the custody of the State of Florida, this Court issued a writ of habeas corpus ad prosequendum ordering a United States Marshal to transport Smith to federal custody for his initial appearance on the superseding petition. See Crim. Doc. 75. The exact date Smith was received into federal custody as a result of the writ is unclear. The probation officer filed a second superseding petition on April 14, 2014, in which he included Smith's December 23, 2013, state convictions. See Crim. Doc. 76. On July 23, 2014, after Smith admitted violating the conditions of his supervised release, this Court revoked Smith's supervised release and sentenced him to imprisonment in the custody of the Bureau of Prisons (BOP) for a term of twenty months, with such term of imprisonment to run consecutive to the terms of incarceration imposed in the state circuit court, case numbers: 16-2013-CF-2291 and 16-2013-CF-2292. See Crim. Doc. 90. Following his sentencing, the federal writ of habeas corpus ad prosequendum directed a United States Marshal to return Smith to the custody of the Florida Department of Corrections. See Crim. Doc. 75.

According to the Florida Department of Corrections, Corrections Offender website, Smith was released from state custody on June 12, 2017. See Corrections Offender Network, Florida Department of Corrections, available at http://www.dc.state.fl.us/AppCommon/ (last visited Apr. 5, 2018). On July 6, 2017, the United States Marshal delivered Smith to the custody of the BOP to begin his federal prison sentence for the violation of his supervised release. See Crim. Doc. 92. Smith is currently serving his twenty-month federal prison sentence at Coleman Federal Correctional Institution, with a release date of November 22, 2018. See Inmate Locator,

Federal Bureau of Prisons, available at https://www.bop.gov/inmateloc/ (last visited Apr. 5, 2018).

In this case, Smith makes a bare-bones request for time credit toward his federal sentence for time spent in custody between April 14, 2014, and August 21, 2014.[3] See Civ. Doc. 1 at 8. Comparing these dates to the date the Court issued the writ of habeas corpus ad prosequendum (April 3, 2014) and the date of Smith's sentencing in federal court (July 23, 2014), it appears that Smith is seeking credit toward his federal sentence for the time he was in federal custody pursuant to that writ while still serving his five-year state sentences. In other words, Smith appears to seek credit toward his federal sentence for the time he was held pursuant to the writ prior to the commencement of the federal sentence he is now serving.

18 U.S.C. § 3585(b) provides that a defendant generally must "be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences." The United States Supreme Court holds

> After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence . . . Because the offender has a right to certain jail-time credit under § 3585(b), and because the district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant.

U.S. v. Wilson, 503 U.S. 329, 335, 112 S. Ct. 1351, 1355 (1992) (internal citation omitted). The Eleventh Circuit Court of Appeals has recognized that federal regulations provide

---

[3] Likely in an attempt to be specific in his demand, Smith requests credit for 127 days. See Civ. Doc. 1 at 8. However, the duration between April 14, 2014, and August 21, 2014, is 129 days. In an abundance of caution, the Court references the actual dates of Smith's request rather than the number of days he requests.

4

prisoners with an avenue to challenge the computation of their time credits and that prisoners can seek judicial review of these computations after exhausting their administrative remedies. See U.S. v. Flanagan, 868 F.2d 1544, 1546 (11th Cir. 1988). Thus, "a federal prisoner dissatisfied with the computation of his sentence must pursue the administrative remedy through the federal prison system before seeking judicial review of his sentence." Id. After the exhaustion of administrative remedies, a claim for credit for time served may be raised under 28 U.S.C. § 2241 in the district of confinement. See U.S. v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir. 2000); see also Rumsfeld v. Padilla, 542 U.S. 426, 447, 124 S. Ct. 2711, 2724 (2004). While exhaustion is no longer a jurisdictional prerequisite to a § 2241 petition, "[t]he [administrative] exhaustion requirement is still a requirement . . . ." Davis v. Warden, 661 F. App'x 561, 562 (11th Cir. 2016) (quoting Santiago-Lugo v. Warden, 785 F.3d 467, 475 (11th Cir. 2015)).

Here, there is no indication that Smith attempted to exhaust his administrative remedies before petitioning the Court. See Civ. Doc. 1. Indeed, on page 2 of his Petition, under the question, "[d]id you appeal the decision, file a grievance, or seek an administrative remedy?," Smith marked "No." See Civ. Doc. 1 at 2. As such, this Court finds this Petition is due to be dismissed for Smith's failure to pursue relief from the BOP before petitioning the Court. Further, as mentioned supra, Smith is currently incarcerated at Coleman Federal Correctional Institution, which is located within the Ocala Division of the Middle District of Florida. See Civ. Doc. 1 at 1. Considering the nature of the relief Smith seeks, the Court finds the division of his confinement rather than the division of his sentencing is the more appropriate venue for this cause. Therefore, if Smith wishes to

file a § 2241 petition after exhausting his administrative remedies, he should do so in the Ocala Division of this District.

Accordingly, it is **ORDERED AND ADJUDGED**:

1. This case is **dismissed without prejudice**.

2. The Clerk of Court is directed to enter judgment **dismissing this case without prejudice**, terminating any pending motions, and closing the case.

3. If Smith appeals the dismissal of the case, the Court denies a certificate of appealability.[1] Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 16th day of April, 2018.

MARCIA MORALES HOWARD
United States District Judge

Jax-7
C:
Thurlyne Lamar Smith, #29264-018

---

[1] The Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, the Court will deny a certificate of appealability.